UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

          v.

THE PREMISES AND REAL PROPERTY
WITH ALL BUILDINGS, APPURTENANCES,
AND IMPROVEMENTS, LOCATED AT
118 KELLER STREET, ROCHESTER,
NEW YORK,

                Defendant.
_____

REPORT & RECOMMENDATION

07-CV-6068T

        Currently before this Court for Report and Recommendation is the government's motion to strike David Anderson's claim and answer to the civil forfeiture proceedings in the above-captioned matter. (Docket ## 16, 17).

        On February 7, 2007, the government filed the instant *in rem* action for civil forfeiture of 118 Keller Street in Rochester, New York under 21 U.S.C. § 881(a)(7). (Docket # 1). Specifically, the complaint alleged that David Anderson ("Anderson") owned 118 Keller Street and that the residence had been maintained for the purposes of conducting or facilitating drug transactions in violation of 21 U.S.C. § 856(a). (*Id*. at ¶¶ 5-10). On March 14, 2007, Anderson filed a verified claim for forfeiture in the property. (Docket # 4). Anderson asserted that he purchased 118 Keller Street with legitimately earned funds and that he had not authorized any illegal activity at the house. (*Id*. at ¶ 6). Anderson also answered the *in rem* complaint. (Docket # 6). Anderson pleaded guilty to various drug trafficking charges on September 1, 2009

and is presently incarcerated at the Fort Dix Federal Correctional Institution. (Docket # 16 at ¶ 15).

The government now moves to strike Anderson's claim and answer on the basis that Anderson no longer owns 118 Keller Street and that he, therefore, has no standing to contest this action. (Docket # 16). Specifically, the government has submitted a copy of a quitclaim deed demonstrating that Anderson transferred ownership of 118 Keller Street to an individual named Marlon Dawson on May 13, 2008. (Docket # 16-3). On January 7, 2010, Marlon Dawson executed a quitclaim deed transferring the property to himself and Shandrell Dawson. (Docket # 16-4). On March 2, 2010, Marlon Dawson then executed a warranty deed transferring ownership to Larry Cheeks. (Docket # 16-5).

In response to the government's motion, Anderson's counsel at the time this action was brought has filed an affidavit asserting that on February 23, 2011, he spoke with Anderson "for some time about the forfeiture matter." (Docket # 20 at ¶ 4). According to counsel, Anderson told him "that the house was not in his name and that he no longer had any interest in the house. He had no objection to the government's motion to dismiss his claim." (*Id*.).

In order to contest a forfeiture, a claimant must demonstrate standing. *Mercado v. U.S. Customs Svc.*, 873 F.2d 641, 644 (2d Cir. 1989). A claimant must demonstrate standing both under the statutes governing the claim and under Article III of the Constitution. *United States v. $138,381.00*, 240 F. Supp. 2d 220, 227 (E.D.N.Y. 2003). Under Article III, "a claim of ownership will establish a claimant's standing to challenge the forfeiture of his property." *Id*. at 231. Where a claimant fails to establish standing in the seized property, and thus any basis for

the court's exercise of subject matter jurisdiction, the court may order the claim stricken.  *United States v. One 2004 Land Rover Range Rover*, 2009 WL 909669, *6 (W.D.N.Y. 2009).

In this case, the government has provided ample documentation demonstrating that Anderson has not maintained an ownership interest in 118 Keller Street since 2008.  Anderson does not contest this assertion and, in fact, states that he does not oppose dismissal of his claim.  Accordingly, I find that Anderson no longer has standing to contest this action and recommend that the district court grant the government's motion to strike his claim and answer.

## CONCLUSION

For the reasons stated above, I recommend that the district court grant the government's motion to strike Anderson's claim and answer **(Docket # 16)**.

                                                 *s/Marian W. Payson*
                                                 MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
         August   22  , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

    **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

    **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

    The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

    **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

    The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

    Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
         August   22  , 2011